IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 07-10142-18-JTM |
| | ) | |
| TROY LANGSTON, | ) | |
| a/k/a "No Sight" | ) | |
| a/k/a "Sight" | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

**MEMORANDUM AND ORDER**

Presently before the Court is defendant Troy Langston's Motion for Bill of Particulars (Dkt. No. 240). This court conducted a hearing on the matter where it denied the motion. This order serves to memorialize those findings.

**1. Arguments**

Initially, Langston asked this court to require the United States to provide the following information: (1) the address of occurrence for Racketeering Act Twenty-three; (2) the address of occurrence for Racketeering Act Six; (3) the names and addresses of witnesses to Racketeering Act Six; (4) the names and addresses of all co-conspirators who were not indicted; (5) the names and addresses of all persons known to be employed by and associated with the Crips as alleged in Count 2; and (6) with regard to the witnesses referenced in the preceding requests, whether the individuals are in custody, protective or otherwise.

After the United States' response, Langston believed that there were only 3 issues left in dispute: (1) whether the government should be required to disclose the names of unindicted co-conspirators; (2) whether the government should be required to identify those persons "employed by and associated with the Crips" as the government alleges in the superseding indictment; (3) whether the government should be required to identify witnesses to Racketeering Act Six alleged in the superseding indictment against Langston.  Specifically, Langston argued that acts charged in the Count Six occurred over thirteen years ago, and that the indictment alleges that there were others known to the government who were involved in the attempted murder.  Because it was so long ago, Langston argued that he has a right to know who is going to testify to the act in order to adequately prepare a defense.  Langston also relied on several cases, many outside of the district of Kansas, for the proposition that courts have required the government to disclose unidentified co-conspirators.

The government countered that the superseding indictment sufficiently states the offenses charged in the language of the statutes, and that it, along with the discovery that has been provided and will be provided, will allow Langston to prepare his defense, minimize his surprise at trial, and enable him to plead double jeopardy in the event of a later prosecution for the same offense.  Further, the government requests that the court find that Langston's motion is actually a motion for discovery or a motion to compel the government to provide a witness list, which is not the proper function of a bill of particulars.  Finally, the government argued that Langston has not met his burden by repeatedly stating that the defendant is prejudiced or surprised in a generalized and conclusory manner.

**2. Legal Standard**

Generally, an indictment is judged "by practical rather than technical considerations" and is held to only minimal constitutional standards. *United States v. Dashney*, 117 F.23d 1197, 1205 (10th Cir. 1997). "An indictment is sufficient 'if it contains the elements of the offense charged, putting the defendant on fair notice of the charge against which he must defend and if it enables a defendant to assert an acquittal or conviction in order to prevent being placed in jeopardy twice for the same offense." *United States v. Poole*, 929 F.2d 1476, 1479 (10th Cir. 1991).

The district court has broad discretion in deciding whether to grant a motion for bill of particulars. *United States v. Edmonson*, 962 F.2d 1535, 1541 (10th Cir. 1992). The purpose of a bill of particulars is to supplement the allegations in the indictment when necessary to: (1) inform the defendant of the charge against him with sufficient precision to allow him to prepare his defense; (2) avoid unfair surprise to the defendant at trial; and (3) preclude a second prosecution for the same offense. *United States v. Ivy*, 83 F.3d 1266, 1281 (10th Cir. 1996) (quotations omitted); *United States v. Anderson*, 31 F. Supp. 2d 933, 937-38 (D. Kan. 1998).

Further, the purpose of the bill of particulars is to minimize the defendant's surprise to the substantive facts of the charges, but not to obtain discovery, evidentiary detail of the government's case, or information regarding the government's legal theories. *See United States v. Hopkins*, 716 F.2d 739, 745 (10th Cir. 1982). "Unless the request for the bill of particulars shows, on its face, that the failure to grant the request would result in prejudicial surprise, the preclusion of an opportunity for meaningful defense precaution, [or double jeopardy problems,] defendant has the burden of showing that his or her request meets one of the three criteria." *Anderson*, 31 F. Supp. 2d at 938.

Generally, an indictment is judged "by practical rather than technical considerations" and is held to only minimal constitutional standards. *United States v. Dashney*, 117 F.23d 1197, 1205 (10th Cir. 1997). "An indictment is sufficient 'if it contains the elements of the offense charged, putting the defendant on fair notice of the charge against which he must defend and if it enables a defendant to assert an acquittal or conviction in order to prevent being placed in jeopardy twice for the same offense." *United States v. Poole*, 929 F.2d 1476, 1479 (10th Cir. 1991).

The district court has broad discretion in deciding whether to grant a motion for bill of particulars. *United States v. Edmonson*, 962 F.2d 1535, 1541 (10th Cir. 1992). The purpose of a bill of particulars is to supplement the allegations in the indictment when necessary to: (1) inform the defendant of the charge against him with sufficient precision to allow him to prepare his defense; (2) avoid unfair surprise to the defendant at trial; and (3) preclude a second prosecution for the same offense. *United States v. Ivy*, 83 F.3d 1266, 1281 (10th Cir. 1996) (quotations omitted); *United States v. Anderson*, 31 F. Supp. 2d 933, 937-38 (D. Kan. 1998).

Further, the purpose of the bill of particulars is to minimize the defendant's surprise to the substantive facts of the charges, but not to obtain discovery, evidentiary detail of the government's case, or information regarding the government's legal theories. *See United States v. Hopkins*, 716 F.2d 739, 745 (10th Cir. 1982). "Unless the request for the bill of particulars shows, on its face, that the failure to grant the request would result in prejudicial surprise, the preclusion of an opportunity for meaningful defense precaution, [or double jeopardy problems,] defendant has the burden of showing that his or her request meets one of the three criteria." *Anderson*, 31 F. Supp. 2d at 938.

In this case, it appears as though the superseding indictment is framed in the statutory language, and is specific to each count. Further, the conspiracy charge is particularized to a degree beyond customary expectation. As such, it appears that generally, Langston's request is denied.

Although Langston made a valid point with regard to unindicted co-conspirators, this court still denies his motion. Langston correctly pointed out that courts have held that "defendants are entitled to know the identity of any unindicted co-conspirators. Without such information, the defendants may be subject to prejudicial surprise or double jeopardy problems." *Anderson*, 31 F. Supp. 2d at 938. Nevertheless, the *Anderson* case is distinguishable because the underlying offense in *Anderson* was a Medicare fraud scheme, and thus the dangers relating to witness intimidation associated in the present case with alleged gang members were arguably not there. Further, the other cases in the Tenth Circuit cited by the defendant for support also deal with white-collar fraud schemes, and not the sensitive criminal issues present in this case. Thus, balancing witness safety and defendant's rights, Langston's motion is denied.

IT IS SO ORDERED this 13th day of May, 2008.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE