IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                          No. 07-10142-18-JTM

TROY LANGSTON,

        Defendant.

**MEMORANDUM AND ORDER**

Presently before the court is defendant Troy Langston's motion to dismiss allegations in the 23rd act of racketeering (Dkt. No. 688) and motion to suppress evidence (Dkt. No. 690). This court conducted a hearing on the matter on November 24, 2008, where it ordered further briefing. After a careful review of all the briefing, the court grants Langston's motion to dismiss, and denies the motion to suppress.

**I. Background Facts**

Langston was indicted on September 13, 2007, with one count of participating in the conduct of a racketeer influenced and corrupt organization (RICO) and one count of conspiracy to participate in RICO.

In Racketeering Act Twenty-three, the Superseding Indictment specified:

On or about May 16, 2003, in the District of Kansas, Troy Langston did knowingly, intentionally and unlawfully use and maintain any place, whether permanently and temporarily, for the purpose of distributing and using any controlled substance, in violation of Title 21, United States Code, Section 856.

(Superseding Indictment, Dkt. No. 52, Case No. 07-CR-10142-JTM, page 13.)

On April 1, 2008, the Second Superseding Indictment was returned by the grand jury, and Racketeering Act Twenty-three was amended to allege:

> Beginning on or about April 1, 2003, and continuing through May 16, 2003, in the District of Kansas, Troy Langston did knowingly, intentionally and unlawfully use and maintain any place, whether permanently and temporarily, for the purpose of distributing and using any controlled substance, in violation of Title 21, United States Code, Section 856.

This language remains the same in the Fifth Superseding Indictment (Dkt. No. 591 at p. 13).

Langston seeks to dismiss any allegation in the Fifth Superseding Indictment that involves the events related to a prior plea agreement from 2003, which stemmed from a search and arrest on May 16, 2003, at 1039 North Terrace.

On May 16, 2003, the Wichita Police Department (WPD) responded to a 911 call at 1039 North Terrace. In the house, one of the officers recognized and arrested Langston on an outstanding federal warrant. After the arrest, Langston was searched and marijuana was found. The officers left the house, secured a search warrant, and then discovered a 9mm handgun box, crack cocaine, packaging materials commonly associated with drug trafficking, and digital scales.

Based on the items found at the house, Langston was charged by Superseding Indictment on December 17, 2003, with one count each of possession of a firearm in furtherance of a drug trafficking crime, felon in possession of a firearm, possession of 50 grams or more of crack cocaine with intent to distribute, and possession of marijuana, in United States District Court for the District of Kansas, case number 03-10159-01-WEB.

On April 27, 2004, Langston entered into a written plea agreement in which he agreed to plead guilty to Count 2 in the 2003 case (felon in possession of a firearm), and the government agreed to dismiss the remaining three counts of the indictment, all of which charged felonies involving illegal drugs.  Paragraph 4 of the agreement is entitled "Government Agreements" and states that the United States Attorney agreed "[t]o not file any additional charges against the defendant arising out of the facts forming the basis for the present indictment."  In the same section, the government agreed to "not argue that the defendant should receive a four (4) level enhancement pursuant to U.S.S.G. § 2K2.1(b)(5) because the Government has no evidence that the firearm was possessed by this defendant in connection with another felony offense."  After entering the plea agreement, Langston was sentenced to prison, where he still remains.

Over three years later, on August 2, 2007, detectives with the WPD interviewed a cooperator who told them that Langston was a drug-selling member of the Crips street gang. The cooperator also told the WPD that Langston and two others had a house together in the 1100 block of North Terrace.  On September 6, 2007, detectives with the WPD contacted Langston at the federal Correctional Institution in Texarkana, Texas to talk with him about the Crips.

After being advised of his rights, Langston agreed to talk with the detectives and, according to the government, provided them with information about the gang and its activities. The government claims that Langston admitted to dealing drugs from the house at 1039 North Terrace, which contradicted his statement at the time of his arrest on May 1, 2003.  Based partially on this information, the government filed the charges at issue in this present case.

## II.  Legal Standard

Parties should be held "to the terms of a lawful plea agreement." *United States v. Atterberry*, 144 F.3d 1299, 1300 (10th Cir. 1998). When a plea of guilty is based in significant degree on a promise or agreement with the government, such promise or agreement must be fulfilled to maintain the integrity of the plea. *United States v. Hand*, 913 F.2d 854, 856 (10th Cir. 1990). In the Tenth Circuit, a two-step analysis is used to determine whether the United States violated a plea agreement: (1) examine the nature of the promise; and (2) evaluate the promise in light of the defendant's reasonable understanding of the promise at the time of the guilty plea. *United States v. Guzman*, 318 F.3d 1191, 1195-96 (10th Cir. 2003); and *United States v. Robertson*, 45 F.3d 1423, 1442 (10th Cir. 1995). "Consistent with the contract law-based analysis that governs plea agreement disputes, the party who asserts a breach of a plea agreement has the burden of proving the underlying facts that establish a breach by a preponderance of the evidence." *Allen v. Hadden*, 57 F.3d 1529, 1534 (10th Cir. 1995).

### III.  Motions

**1.  Motion to Dismiss**

Langston seeks to dismiss the Twenty-Third Act of Racketeering of the Fifth Superseding Indictment, which alleges that Langston knowingly, intentionally and unlawfully used and maintained a place for the purpose of distributing and using a controlled substance, because it is an additional charge arising out of the facts forming the basis for the 2003 indictment.

Langston argues that the government made a broad promise to refrain from filing additional charges against him arising out of the facts forming the basis for the four counts in the 2003 case. Due to that promise, Langston claims that he reasonably believed that the

government would not bring additional charges against him arising from his arrest at 1039 N. Terrace on May 16, 2003, which is underscored by the paragraph in the Plea Agreement stating that the government had "no evidence" that the firearm on the premises "was possessed by [Langston] in connection with another felony offense." Based on these beliefs and his continual incarceration since his arrest in 2003, Langston argues that the government is prohibited from bringing the current drug trafficking allegations. Langston also alleges that the government attempted to get around the Plea Agreement by superseding the indictment and changing the allegations to state that Langston started "maintaining" the premises on 1039 North Terrace from April 1, 2003.

     The government counters that the plea agreement from the 2003 case does not prohibit the allegation contained in Racketeering Act Twenty-Three of Count 1 in the Superseding Indictment because it is based upon newly discovered evidence and information. Specifically, the government claims that the Court must examine the nature of the promise, and evaluate it in light of the defendant's reasonable understanding of it at the time of the plea. The government claims that the 2003 charges, factual basis, government response to the motion to suppress and underlying search warrant did not mention that 1039 N. Terrace was being used by Langston, permanently or temporarily, for the distribution or use of controlled substances. Accordingly, the government argues that the promise made in the 2003 Plea Agreement was a promise to dismiss the additional charges and to not resurrect those charges at a later point in time.

     Basically, the government claims that its promise was limited to a very discrete and specific set of facts known at the time of the arrest and subsequent indictment, and that the current charges are based on new information.

There is no question that the government's argument is correct as it relates to double jeopardy. In that context, it is clear that a RICO offense is not the same offense as one of the predicate acts. But in the context of this plea agreement, the government attempts to rely on the previous criminal conduct to establish predicate acts for another offense that was completed by the time Langston entered his guilty plea. The specific language of this particular plea agreement prohibits the use of any of the prior conduct dealing with the arrest in 2003 from further prosecution, absent a violation of the plea agreement, which has not occurred. The court reads the plea agreement to dictate that once a defendant agrees to accept responsibility and does not commit other illegal acts, the government cannot use prior criminal conduct to pursue a new theory unless it is completely unrelated to the offense in question in the plea agreement. As such, the current charge in Racketeering Act 23 cannot stand.

A parallel can be drawn with a settlement in a civil context, which is the civil counterpart to a criminal plea agreement. If a victim of a tortfeasor settles a case and gives the tortfeasor a complete release for what is known or could be discoverable, the fact that the victim may one day develop other symptoms or create a different theory based on those facts is irrelevant. In effect, the case is closed, regardless of any future developments of injury based on the initial tort. Similarly, the language of this specific plea agreement dictates that the government will not and cannot pursue additional charges from the facts arising out of the May 16, 2003 incident, absent a breach of the agreement. The charges in Racketeering Act twenty-three clearly arise from those facts, and thus it must be dismissed.

The court notes, however, that Langston is also charged in Racketeering Acts six and forty-three, and thus even with the dismissal of Racketeering Act twenty-three, Count 1 still stands.

**2. Motion to Suppress**

Langston seeks to suppress evidence acquired at 1039 North Terrace on May 16, 2003, and argues that it was reasonable for him to believe that the plea agreement would prohibit the use of evidence found on the premises for use as a basis for additional charges.

The government objects, and argues that the motion should be denied for the reasons articulated in the motion discussed above.  Further, the government claims that it is appropriate to use evidence obtained in a prior case as Rule 404(b) type evidence in a subsequent prosecution.

The court agrees with the government.  Although it is plausible that the plea agreement prohibits the introduction of the evidence, Rule 404(b) would provide for its admissibility.  However, the court notes that an appropriate 404(b) ruling must be made before any evidence is actually admitted into court.

Finally, Langston claims that the 2003 plea agreement prevents law enforcement from using any and all subsequent statements made by him.  Specifically, Langston claims that his 2007 statements to law enforcement cannot be used against him because the 2003 plea agreement prevents it.  The government claims that Langston's argument amounts to testimonial immunity, which the plea agreement did not have the power to confer.

The court agrees with the government.  The 2007 interview was not the product of the 2003 plea agreement, and the statements were obtained pursuant to the investigation into new

criminal conduct. As such, the statements are not protected by the 2003 plea agreement, and the motion is denied.

IT IS ACCORDINGLY ORDERED this day of 1st day of September, 2009, that Troy Langston's motion to dismiss allegations in the 23rd act of racketeering (Dkt. No. 688) is granted and his motion to suppress evidence (Dkt. No. 690) is denied.

 s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE