FILED
U.S. DISTRICT COURT
DISTRICT OF KANSAS

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS '10   APR -7   P 3 :38
(Wichita Docket)

CLERK, U.S. DISTRICT COURT
BY: _____ DEPUTY CLERK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | } | |
| | } | |
| Plaintiff, | } | |
| | } | |
| v. | } | No.  07-10142-JTM |
| | } | |
| TROY LANGSTON, | } | |
| | } | |
| Defendant. | } | |

## PLEA AGREEMENT PURSUANT TO FED. R. CRIM. P. 11(c)(1)(C)

The United States of America, by Debra L. Barnett, Assistant U.S. Attorney,

and Troy Langston, the defendant, personally and by and through his attorney, Lee

Woodard, hereby enter into the following plea agreement pursuant to Rule

11(c)(1)(C) of the Federal Rules of Criminal Procedure:

1.     **Defendant's Guilty Plea.** ·   If the Court permits, the defendant agrees

to plead guilty to Count 29 of the Fifth Superseding Indictment, which charges a

violation of Title 21, United States Code, § 846 and 841, that is, conspiracy to

distribute marijuana.  By entering into this plea agreement, the defendant admits to

knowingly committing this offense, and to being guilty of this offense. The defendant

understands that the maximum sentence which may be imposed as to Count 29 of the

Fifth Superseding Indictment to which the defendant has agreed to plead guilty is not

more than 5 years of imprisonment, a $250,000 fine, two years of supervised release, and a $100 mandatory special assessment. The United States agrees to move to dismiss the remaining counts of the Fifth Superseding Indictment and the preceding indictments at the time of sentencing.

2.    **Factual Basis for the Guilty Plea.**    The parties agree the facts constituting the offense to which the defendant is pleading guilty are as follows:

> **Count 29, 21 U.S.C. § 846 and 841.**    Within the five years preceding June 27, 2007, in the District of Kansas, the defendant, Troy Langston, conspired and agreed with at least one other person to distribute a mixture and substance containing a detectable amount of marijuana, which was a violation of federal law.  At the time, the defendant knew that marijuana was a controlled substance and it was illegal to engage in the distribution of marijuana in the District of Kansas.  The defendant admits that he engaged in the distribution of marijuana knowingly and voluntarily.  In addition, the defendant admits that the distribution of marijuana with the coconspirator(s) was done for the shared mutual benefit of the defendant and the coconspirator(s).

3.    **Proposed (c)(1)(C) Sentence.** The parties propose, as an appropriate disposition of the case, a sentence of 60 months in prison on the 21 U.S.C. § 846 and 841 count; two years of supervised release; no fine; and the mandatory special assessment of $100 to be paid during the defendant's incarceration. The parties seek this binding plea agreement as an appropriate disposition of the case because it brings certainty to the sentencing process and assures that the defendant and the government will benefit from the bargain they have struck if the Court permits itself to be bound

by the proposed sentence; the interests of justice are served by the sentence, thereby assuring that the sentence is consistent with the sentencing factors of 18 U.S.C. § 3553(a); and if the Court does not agree with the sentence, the parties may be restored to the positions they maintained prior to reaching this plea agreement.   This agreement centers on the defendant's agreement to enter his guilty plea as soon as the Court's schedule permits, thereby preserving valuable Court, prosecution, public defender, probation office, U.S. Marshals Service and other law enforcement resources.

4.      **Application of the Sentencing Guidelines.** The parties are of the belief that the proposed sentence does not offend the now advisory sentencing guidelines, but because this proposed sentence is sought pursuant to Fed. R. Crim. P. 11(c)(1)(C), the parties are not requesting imposition of an advisory guideline sentence.

5.      **Government's Additional Agreement.**   In return for the defendant's plea of guilty as set forth herein, the United States Attorney for the District of Kansas also agrees to not file any additional charges against the defendant arising out of the facts forming the basis for the indictments.

6.      **Whether to Accept the Proposed Plea Agreement and Sentence is Up to the Court.** The Court has no obligation to accept the proposed plea agreement and

sentence.  It is solely within the Court's discretion whether to accept the proposed binding plea agreement as an appropriate disposition of the case.

7.      **Withdrawal of Plea Permitted Only if the Court Does Not Accept the Plea Agreement and Proposed Sentence.**   On the other hand, if the Court agrees to be bound by proposed plea agreement and accepts the defendant's plea of guilty, the defendant will not be permitted to withdraw it.  Only if the Court rejects the proposed plea agreement will the defendant be permitted to withdraw his guilty plea.

8.      **Payment of Special Assessment.**   The defendant understands that a mandatory special assessment of $100 will be entered against the defendant at the time of sentencing.   The parties acknowledge the defendant is without adequate resources to pay the special assessment at the time of sentencing and agree to recommend that the Court order payment to occur during the defendant's period of incarceration.

9.      **Waiver of Appeal and Collateral Attack.**      (a) The defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, the defendant's conviction, or the components of the sentence to be imposed herein including the length and conditions of supervised release.  The defendant is aware that Title 18, U.S.C. § 3742 affords a defendant the right to appeal the conviction and sentence imposed.  By entering into this agreement,

4

the defendant knowingly waives any right to appeal a sentence imposed which is within the guideline range determined appropriate by the court. The defendant also waives any right to challenge a sentence or otherwise attempt to modify or change his sentence or manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, U.S.C. § 2255 [except as limited by United States v. Cockerham, 237 F.3d 1179, 1187 (10th Cir. 2001)], a motion brought under Title 18, U.S.C. § 3582(c)(2) and a motion brought under Fed. Rule of Civ. Pro 60(b). In other words, the defendant waives the right to appeal the sentence imposed in this case except to the extent, if any, the court departs upwards from the applicable sentencing guideline range determined by the court. However, if the United States exercises its right to appeal the sentence imposed as authorized by Title 18, U.S.C. § 3742(b), the defendant is released from this waiver and may appeal the sentence received as authorized by Title 18, U.S.C. § 3742(a). Notwithstanding the forgoing waivers, the parties understand that the defendant in no way waives any subsequent claims with regards to ineffective assistance of counsel or prosecutorial misconduct.

(b) The defendant specifically agrees to withdraw his motion to dismiss based upon allegations of a statutory and constitutional speedy trial violation. The defendant further waives any right to appeal based upon these claims, either through a direct appeal or through some type of collateral attack.

10.    **Waiver of FOIA Request.**    The defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case including, without limitation, any records that may be sought under the Freedom of Information Act, Title 5, U.S.C. § 552, or the Privacy Act of 1974, Title 5, U.S.C. § 552a.

11.    **Full Disclosure by United States.**    The defendant understands the United States will provide to the court and the United States Probation Office all information it deems relevant to determining the appropriate sentence in this case. This may include information concerning the background, character, and conduct of the defendant including the entirety of the defendant's criminal activities. The defendant understands these disclosures are not limited to the count to which the defendant has pled guilty. The United States may respond to comments made or positions taken by the defendant or defendant's counsel and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject only to any limitations set forth in this plea agreement. The defendant also has the right to provide information concerning the offense and to make recommendations to the court and the United States Probation Office.

6

**12.   Parties to the Agreement.**   The defendant understands this plea agreement binds only the defendant and the United States Attorney for the District of Kansas, and that it does not bind any other federal, state, or local prosecution authority.

**13.   Identification of Assets & Agreement Concerning Monetary Penalties.**

(a) The defendant agrees to disclose to law enforcement officials the existence and status of all monies, property or assets, of any kind in which he has sole, joint or partial ownership or control OR was derived from or acquired as a result of, or used to facilitate the commission of the crimes charged. Furthermore, the defendant agrees to provide all of his financial information to the United States Attorneys Office at the same time that he provides such to the United States Probation Office as part of the presentence investigation procedure. Defendant consents to the release of the information from the United States Probation Office to the United States Attorneys Office should s/he neglect to separately provide such information to the United States Attorneys Office. Moreover, defendant agrees, if requested by either the United States Attorneys Office or the United States Probation Office, to participate in a pre-sentencing debtor's examination, which may include the taking of information from the defendant under oath.

7

(b) The defendant further agrees to prevent the disbursement of any monies, property or assets derived from the crimes charged, or otherwise under his/her custody or control.  If the defendant fails to comply with this provision the United States is relieved of its obligation to recommend a sentencing reduction for Acceptance of Responsibility pursuant to § 3E1.1, to file a 5K1.1 motion, or any other sentencing recommendations contained in this agreement.

(c) The defendant understands and agrees that, pursuant to Title 18, United States Code, Section 3613, whatever monetary penalties are imposed by the court will be due and payable immediately and subject to immediate enforcement by the United States as provided for in Section 3613.  If the Court imposes a schedule of payments, the defendant understands that the schedule of payments is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment.   If the defendant is incarcerated, the defendant agrees to participate in the Bureau of Prisons' Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments.

**14.     No Other Agreements.**     The defendant has had sufficient time to discuss this case, the evidence, and this agreement with the defendant's attorney and defendant is fully satisfied with the advice and representation provided by

8

defendant's counsel.  Further, the defendant acknowledges that he has had the plea

agreement read to him, understands it and agrees it is true and accurate and not the

result of any threats, duress or coercion.  The defendant further understands that this

plea agreement supersedes any and all other agreements or negotiations between the

parties, and that this agreement embodies each and every term of the agreement

between the parties.  The defendant acknowledges that the defendant is entering into

this agreement and is pleading guilty because the defendant is guilty and is doing so

freely and voluntarily.

_____     Date:_____3/31/10_____

Debra L. Barnett
Assistant U.S. Attorney
301 N. Main, Suite 1200
Wichita, Kansas   67202
(316) 269-6481
Kan. Sup. Ct. No. 12729

_____     Date:_____3/31/10_____

David Lind
Criminal Supervisor

_____     Date:_____4/1/10_____

Lanny D. Welch
United States Attorney

_____     Date:_____4/7/10_____

Troy Langston
Defendant

_____     Date:_____4/7/10_____

Lee Woodard
Attorney for Defendant Andrews
257 N. Broadway, Suite 300
Wichita, Kansas 67202
316-263-4958
Ks.S.Ct.#05936

10